UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL D. ALMADA, ) | Case No. 15-42131 |
| ) | Hon. Jacqueline P. Cox |
| ) | Hearing Date: Thurs., October 12, 2017 |
| Debtor. ) | @ 9:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that **Thursday, October 12, 2017** at **9:30 a.m.**, or as soon thereafter as may be possible, we shall appear before the Honorable Jacqueline P. Cox or any other Judge sitting in her stead, in **Courtroom 680**, of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Application of Trustee's Attorneys for the Allowance of Final Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.

/s/ Norman B. Newman
Norman B. Newman, Trustee for the bankruptcy estate
of Michael Almada

Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on September 14, 2017, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.

/s/Norman B. Newman

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL D. ALMADA, ) | Case No. 15-42131 |
| ) | Hon. Jacqueline P. Cox |
| ) | Hearing Date: Thurs., October 12, 2017 |
| Debtor. ) | at 9:30 a.m. |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein, (the "Trustee") moves this Court, pursuant to Section 330 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period March 7, 2016 through July 14, 2017. In support of this application, Much Shelist states as follows:

1. On December 14, 2015, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code.

2. On March 7, 2016, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case. This application includes legal services rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services. Much Shelist is not seeking compensation for the services identified on Exhibit "A" as part of this Application. Mr. Newman is filing a separate Application for Trustee Compensation.

3. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this

case. To date, Much Shelist has not received any compensation for services rendered as attorneys for the Trustee.

4.  Much Shelist is entitled to receive final compensation in the amount of $29,661.50 plus reimbursement of expenses in the amount of $267.79 for services rendered during the period of March 7, 2016 through July 14, 2017.

5.  Much Shelist provided 50.10 hours of services on behalf of the Trustee during the time period covered by this application.

6.  The following is a summary of time expended, by individual, during the time period covered by this application. The summary below references their rates during the applicable time period.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 20.30 hrs. | $640.00/hr. (1/1/16-12/31/16) | $12,992.00 |
| Norman B. Newman | 9.20 hrs. | $655.00/hr. (1/1/17 to Present) | 6,026.00 |
| Jeffrey M. Schwartz | .90 hrs. | $585.00/hr. (1/1/16–12/31/16) | 526.50 |
| Jeffrey M. Schwartz | 10.00 hrs. | $600.00/hr. (1/1/17 to Present) | 6,000.00 |
| Jeffrey L. Gansberg | 3.80 hrs. | $440.00/hr. (1/1/16-12/31/16) | 1,672.00 |
| Kevin M. Noonan | 4.90 hrs. | $450.00/hr. (1/1/16 -12/31/16) | 2,205.00 |
|  |  |  |  |
| Paralegal |  |  |  |
| Lisa Graham | 1.00 hrs. | $240.00 (1/1/16 – 12/31/16) | 240.00 |
|  |  |  |  |
| **TOTAL** | **50.10 hrs.** |  | **29,661.50** |

7.  Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

7960048_1

8.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate. As more fully detailed in the statement of services attached hereto as Exhibit "B", Much Shelist provided services with respect to the following matters:

A.  **General Administration (Tab No. 1):**  Much Shelist provided 7.90 hours of general administrative services to the Trustee. At the Section 341 meeting, the Trustee discovered that the Debtor had a right to inherit, among other assets, a 42% interest in certain commercial real estate located in Lewisville, North Carolina (the "Real Estate"). The inheritance arose due to the death of the Debtor's spouse, Larry Benfield ("Benfield"), prior to the filing of the Debtor's Chapter 7 case.

Counsel reviewed Mr. Benfield's Will and numerous documents pertaining to the Real Estate. Much Shelist communicated with counsel for the Executor of the Benfield Estate in North Carolina, counsel for the Executor of the Benfield Estate in Cook County, Illinois, the Debtor's bankruptcy counsel and the Trustee to discuss the disposition of the Debtor's and this Bankruptcy Estate's interest in the Real Estate. A further discussion about the Real Estate is provided in the Disposition of Assets section of this application.

The individuals who provided services in connection with the General Administration and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 2.20 hrs. | $640.00/hr. | $1,408.00 |
| Norman B. Newman | .40 hrs. | $655.00/hr. | 262.00 |
| Kevin M. Noonan | 4.30 hrs. | $450.00/hr. | 1,935.00 |
|  |  |  |  |
| Paralegal |  |  |  |
| Lisa Graham | 1.00 hrs. | $240.00/hr. | 240.00 |
| **Total:** | **7.90 hrs.** |  | **$3,845.00** |

3

7960048_1

B.      **Retention of Professionals (Tab No. 2):** A total of 3.80 hours of time was expended by Much Shelist on the preparation of pleadings and appearances in Court on the Trustee's Motion to Employ Attorneys and the Trustee's Motion to Employ Accountants. Counsel reviewed correspondences from the accountant regarding its retainer and engagement.

The individuals who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | .50 hrs | $640.00/hr. | $320.00 |
| Norman B. Newman | .40 hrs. | $655.00/hr. | 262.00 |
| Jeffrey L. Gansberg | .70 hrs. | $440.00/hr. | 308.00 |
| Jeffrey M. Schwartz | 2.20 hrs. | $600.00/hr. | 1,320.00 |
|  |  |  |  |
| **TOTAL** | **3.80 hrs.** |  | **$2,210.00** |

C.      **Disposition of Assets (Tab No. 3):** Much Shelist expended 19.60 hours in connection with the disposition of the Debtor's non-exempt assets. As previously mentioned, the Debtor had a right to inherit a 42% interest in the Real Estate. The remaining 58% interest in the Real Estate was owned by Mr. Benfield's sister, Paula Bolinger ("Bolinger"). Bolinger also served as Executor of the Benfield Estate.

The Trustee discovered that Benfield and Bolinger were lessors under a lease agreement with Wells Fargo Bank who constructed a branch location on the Real Estate. Counsel engaged in telephonic and written communications with the Debtor and Bolinger's North Carolina counsel to determine the specific details of the lease agreement, including monthly rent obligations, and any other rights the parties to the lease held. Time was also spent reviewing an accounting of monthly rent proceeds provided by the Debtor, as well as an appraisal of the Real Estate.

4

7960048_1

Much Shelist attorneys engaged in numerous telephonic and written communications with prospective buyers and reviewed counter-offers from various interested parties. Much Shelist also engaged in negotiations with Bolinger's attorneys which resulted in the Trustee's accepting an offer from Bolinger to purchase the Trustee's interest in the Real Estate. Much Shelist attorneys prepared and appeared in Court on the Trustee's motion to sell his interest in the Real Estate. Time was also spent coordinating with Ms. Bolinger's counsel on the preparation and signing of the documents needed to close the sale of the Trustee's interest in the Real Estate. As a result of Much Shelist's involvement, the Trustee received $85,000 for the benefit of the Debtor's bankruptcy estate.

The individuals who provided services in connection with the Disposition of Assets and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 15.90 hrs. | $640.00/hr. | $10,176.00 |
| Jeffrey L. Gansberg | 3.10 hrs. | $440.00/hr. | 1,364.00 |
| Kevin M. Noonan | .60 hrs. | $450.00/hr. | 270.00 |
|  |  |  |  |
| **TOTAL** | **19.60 hrs.** |  | **$11,810.00** |

**D.     Claims Administration/Analysis (Tab No 4.):** A total of 13.40 hours of time was spent reviewing the claims register and proofs of claim with respect to possible objections. A claims bar date was set at October 18, 2016. On October 28, 2016, the United States Department of Agriculture, Rural Housing Service (the "USDA") filed a late proof of claim. The USDA's claim was for a mortgage deficiency on property the Debtor owned in Bangor, Michigan. The Debtor, who, but for the filing of the USDA claim, would have received a surplus distribution, objected to the USDA's claim. Much Shelist attorneys engaged in numerous telephonic and written communications with counsel for the USDA requesting

5

documentation in support of the claim. Counsel also reviewed the Debtor's schedules and amended schedules to ascertain whether the USDA was scheduled as a creditor.

Subsequent to the filing of the Debtor's objection to the USDA's claim, Much Shelist was involved in settlement discussions with counsel for the USDA, counsel for the Debtor and the Trustee. As a result of the discussions, the Court entered an Agreed Order allowing the USDA's claim as a late filed general unsecured claim in the amount of $61,372.84 and authorizing the Trustee to pay the Debtor the sum of $4,000.00 on account of his exemption claim in full settlement.

The individuals who provided services in connection with the Administration of Claims and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 1.70 hrs. | $640.00/hr. | $1,088.00 |
| Norman B. Newman | 3.00 hrs. | $655.00/hr. | 1,965.00 |
| Jeffrey M. Schwartz | .90 hrs. | $585.00/hr. | 526.50 |
| Jeffrey M. Schwartz | 7.80 hrs. | $600.00/hr. | 4,680.00 |
|  |  |  |  |
| **TOTAL** | **13.40 hrs.** |  | **$8,259.50** |

E. **Tax Issues (Tab No 5.):** A total of 1.60 hours of time was spent by Norman B. Newman communicating with the Trustee's accountant regarding tax consequences from the sale of the Trustee's interest in Real Estate. Time was also spent reviewing and transmitting federal and state tax returns and preparing a letter to taxing authorities requesting a prompt determination of tax liability. There was no tax liability to the Bankruptcy Estate.

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 1.60 hrs. | $655.00/hr. | $1,048.00 |
|  |  |  |  |
| **TOTAL** | **1.60 hrs.** |  | **$1,048.00** |

  **F.**  <u>**Fee Matters (Tab No. 6):**</u> Much Shelist expended total of 3.20 hours of time dealing with the preparation of Much Shelist's and the Trustee's Accountant's final fee applications.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 3.80 hrs. | $655.00/hr. | $2,489.00 |
|  |  |  |  |
| **TOTAL** | **3.80 hrs.** |  | **$2,489.00** |

  9.  During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $267.79. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. The charge for photocopies is 10¢ per page. Facsimile charges are billed at the rate of $1.00 per page, incoming and outgoing. Much Shelist asserts that these out-of-pocket expenses were reasonable and necessary expenses incurred in its representation of the Trustee.

  10.  By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

  **WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

  1.  Granting this Application and awarding Much Shelist final compensation in the amount of $29,661.50 plus reimbursement of out-of-pocket expenses in the amount of $267.79 for services rendered during the period March 7, 2016 through July 14, 2017.

  2.  Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

  3.  Granting such other and further relief as this Court deems just and appropriate.

7960048_1

        Respectfully Submitted,

        **Much Shelist, P.C.**


        /s/ Norman B. Newman
        **Norman B. Newman, Trustee**




Norman B. Newman (Atty. ID#02045427)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
nnewman@muchshelist.com

8

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MICHAEL D. ALMADA, | ) | Case No. 15-42131 |
| | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant:                                    Much Shelist, P.C.

Authorized to provide professional services to:     Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:               March 7, 2017

Period for which compensation is sought:            3/7/17 – 7/14/17

Amount of fees sought:                                $29,661.50

Amount of expense reimbursement sought:             $267.79

Retainer previously received:                       $0.00

This is a(n):        Interim Application ___        Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated:  9/14/17                                        **MUCH SHELIST, P.C.**

                                                       By: /s/Norman B. Newman

9

7960048_1